IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,424-01






EX PARTE STEVEN GLEN SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0334509-U IN THE 291ST DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to ten years' imprisonment and a ten thousand dollar fine. The Fifth Court of Appeals
affirmed his conviction. Smith v. State, No. 05-06-183-CR (Tex. App.-Dallas, delivered March 5,
2007, pdr ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by: (1)
failing to properly and timely object to the testimony of both Kayla Smith and Dr. Gottlieb, the
State's expert; (2) failing to request instructions pursuant to Tex. Code Crim. Pro. Art. 38.07
regarding corroborative testimony; (3) making improper comments that denigrated Applicant, and
(4) failing to adequately argue that the statute under which Applicant was tried was unconstitutional. 
This Court previously entered an order requesting an affidavit from trial counsel, but no affidavit was
ordered by the trial court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial
court and the State agreed to findings that recommend granting a new appeal on the basis of
ineffective assistance of appellate counsel, but the trial court made no findings regarding trial
counsel's performance. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall provide Applicant's trial counsel and appellate counsel with the opportunity to
respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



 

Filed: June 10, 2009

Do not publish